## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| THE VERMEIL LLC, | : | CHAPTER 11 |
| | : | Case No.  15-44136-ess |
| | : | |
| | : | |
| | : | |
| | : | |

### ATTORNEY'S AFFIRMATION IN
### OPPOSITION TO JACOB ROSENBERG'S
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

BARRY D. HABERMAN, an attorney duly admitted to practice in and before the Courts of the State of New York, including the United States District Court for the Eastern District of New York affirms the following to be true under the penalty of perjury:

1.      I am an attorney at law, representing the interests of The Vermeil LLC, herein referred to as "Debtor").  This Affirmation, is submitted in opposition to Jacob Rosenberg's ("Rosenberg's") Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2).  Based upon relevant facts, proceedings to date and established case law, the Rosenberg is not entitled to the relief requested.

### RELIEF SOUGHT BY ROSENBERG

2.      Rosenberg's moving papers contains a section specifically denominated "RELIEF REQUESTED" (Leo Fox Affirmation, dated December 16, 2015, page 6 therein (Doc. 11)).  The only relief requested is as concerns Unit 1E.  Said Affirmation states, "Rosenberg seeks to lift the stay to pursue the foreclosure action with respect to Unit 1E."  (Doc. 11, ¶ 14.)  Paragraph 15 only references Unit 1E.  All discussion applying the factors for an effective reorganization relate to Unit 1E.  "Without any indication that unit 1E is useful to the Debtor in a reorganization…"  (Doc. 11, ¶ 16.)  "Under these circumstances, the balance of harms weighs in

favor of permitting Rosenberg to foreclose on Unit 1E." (Doc. 11, ¶ 18.) "Thus, the interests of judicial economy and efficiency weigh heavily in favor of permitting Rosenberg to exercise his rights with respect to unit 1E." ((Doc. 11, ¶ 19.) Rosenberg does not state anywhere in his papers that he seeks relief from the automatic stay as to Unit 1D. Relying on the submission of Rosenberg, it is clear that the Rosenberg only seeks to vacate a stay as to Unit 1E.

## UNDISPUTED FACTS

3.    The Debtor did not claim ownership of Unit 1E in the Schedules filed with this Court. (See Doc. 9 (Schedule A)(Debtor listing real property as Unit 1D, 133 Sterling Place, Brooklyn, NY 11209)) (A fact acknowledged by Rosenberg (Doc. 11, ¶ 12.))

4.    There is a Deed transferring ownership of Unit 1E, 133 Sterling Place, Brooklyn, New York 11209 from The Vermeil LLC to Jacob Rosenberg, said Deed dated July 12, 2010 and recorded in the Office of the City Registrar of the City of New York on July 21, 2010. Said Deed was assigned Document ID 2010072000115001. The Deed was transferred for value, as reflected in the recorded documents (RP-5217 (NYC)). A true and accurate copy of the Deed and Transfer Documents are provided herein as Exhibit 1. There is no language contained anywhere in the Deed that said Deed is restricted as to any of the Grantee's rights.

5.    The Board of Managers of The Vermeil Condominium recognizes that Rosenberg is the owner of Unit 1E. The Lien of Common Charges as recorded in the Office of the City Registrar of the City of New York on July 25, 2011, Document ID 2011071401162004. The notice pages, as sworn to by a Member of the Board of Managers of The Vermeil Condominium, avers that the record owner of the unit (Unit 1E) is Jacob Rosenberg. A true and accurate copy of the Lien of Common Charges is provided herein as Exhibit 2.

6.      Rosenberg failed to provide this Court with any document that conclusively demonstrates that the Debtor is the owner of Unit 1E.  Documents of record demonstrate to the contrary, the Rosenberg, for value, became the owner in fee simple of Unit 1E on July 12, 2010.

7.      The Debtor has tendered payments for adequate protection in an amount equal to the alleged pre-default interest rate on what Debtor alleges is the maximum principal due to Rosenberg.  Said payments have been rejected by Rosenberg.  See Exhibit 3.

## BURDEN OF PROOF

In relevant portion, 11 U.S.C. § 362(d) states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property

of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this

section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization;

8.      "With respect to section 362(d)(1), the movant must make an initial showing that 'cause' exists for relief from stay, and once this is established, then the burden of proof shifts to the debtor on all other issues under section 362(g). *Sonnax Indus*., *Inc*. *v*. *Tri Component Prods*. *Corp*. (*In re Sonnax Indus*., *Inc*.), 907 F.2d 1280, 1285 (2d Cir. 1990).  'If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection.' *Id*. The term 'cause'

under section 362(d)(1) is not defined by the Bankruptcy Code.  Courts have recognized what constitutes 'cause' to be 'a broad and flexible concept that must be determined on a case by case basis.' *In re AMR Corp.*, <u>485 B.R. 279</u>, 295 (Bankr. S.D.N.Y. 2013) (*citing Spencer v. Bogdanovich (In re Bogdanovich)*, <u>292 F.3d 104</u>, 110 (2d Cir. 2002))." <u>In re Ideal Mortgage Bankers, Ltd.</u>, Case No. 10-79280-las (Bankr. E.D.N.Y. October 14, 2015)

9.      "As to relief from stay with respect to an action against the debtor's property under section 362(d)(2) due to the a debtor's lack of equity in such property, the party requesting relief from stay must first be a creditor who has a security interest or lien against the property at issue. *In re U.S. Physicians, Inc.*, 236 B.R. 593 (Bankr. E.D. Pa. 1999) (denying unsecured creditors' motion under section 362(d)(2) where the creditors do not have a valid security interest in the debtor's property); *In re Hunt Pier's Assocs.*, 143 B.R. 36, 50 (Bankr. E.D. Pa. 1992) (finding that relief under section 362(d)(2) requires a debtor's lack of equity in the property and can only be appropriately granted when the movant has a security interest in that property)" <u>In re Ideal Mortgage Bankers, Ltd.</u>

10.      As to the "proof" offered by Rosenberg, Rosenberg does not provide any declarations by a person with personal knowledge of the facts.  There is no verification of the Mortgage or the Mortgage Note.  There is no recitation by a person with knowledge as to how a mortgage made by Sterling & Seventh to Rosenberg's alleged predecessor in interest became the debt of the Debtor herein.  Rosenberg improperly relies on "Upon information and belief" to substitute for facts.  In fact, the very first factual allegation (ownership of real property) is "Upon information and belief."  The very foundation of a chain of title is without personal knowledge. (Doc. 11, ¶ 2)  And the alleged forebearance agreement (Doc. 11, ¶ 4) doesn't even state with certainty who entered into the agreement and which party is responsible for the alleged debt.

("In July 2010, Rosenberg entered into a forebearance agreement with the Debtor and/or Sterling…") (Doc. 11, ¶ 6)

11.    "An affidavit based merely on information and belief is unacceptable." Londrigan v. Federal Bureau of Investigation, 670 F.2d 1164, 1174 (Ct. of Appeals, D.D.C. 1981).  See too Judicial Watch, Inc. v. U.S. Dept. of Commerce, 224 F.R.D. 261, 265 (D.D.C. 2004) "Rule 56(e)'s personal knowledge requirement renders statements made on information and belief, facts which the affiant believes but does not know are true, insufficient."  The principle of an affidavit based upon personal knowledge is applicable to bankruptcy cases. "Therefore, being based upon information and belief, the affidavit has no probative value and is the same as no evidence."  In re Wm. B. Wilson Mfg. Co., 59 B.R. 535, 539 (Bankr. W.D. Tex. 1986)

12.    And as to any valuation of Unit 1D, Rosenberg offers no evidence to support his claim.  (Doc. 11 ¶ 15, "unit 1D is most likely valued at a comparable amount…")  And the appraisal submitted is without the required evidentiary foundation.  "Real estate appraisals generally lack the circumstantial guarantees of trustworthiness that are inherent in medical records containing diagnostic opinions. Their quality is uneven. They are used for quite different purposes.  A great deal depends upon the identity of the individual appraiser and the purposes for which the appraisal was made.  Thus…an appropriate foundation was required for presenting a real estate appraisal to support a motion for relief from the automatic stay."  In re Applin, 108 B.R. 253, 261 (Bankr. E.D. Cal. 1989)  "In the absence of a hearsay exception, a written appraisal is admissible as evidence on a motion only if the opinion as to value expressed therein is supported by the affidavit or deposition testimony of the appraiser laying a proper evidentiary foundation for the appraiser's expertise. Fed.R.Civ.P. 43(e); Fed.R.Evid. 702; Waddell, 841 F.2d

at 267.  As there was no such affidavit or deposition testimony, the appraisal that was proffered

in support of Beneficial's motion for relief from stay was not admissible and was not treated by

the court as competent evidence in support of [the] motion[s]" In re Applin, 108 B.R at 261.

### ROSENBERG IS NOT ENTITLED TO RELIEF PURSUANT TO § 362(d)(2)

13.     As demonstrated above, Unit 1E is not the property of the Debtor.   And

Rosenberg makes no factual showing of a secured interest in said property.   No chain of

mortgages is provided alleging a debt between the Debtor and Rosenberg on Unit 1E.   Even the

purported Agreement dated July 12, 2010 fails to support an obligation between the Debtor and

Rosenberg.  (See Exhibit 4) (Parenthetically, the Court is requested to take notice that Rosenberg

failed to attach the Agreement to his moving papers.  Nor did he attach the Deed to Unit 1E.

Such glaring omissions demonstrate the inability to establish evidentiary facts necessary to grant

Rosenberg the requested relief.)  Without a declaration by a party with knowledge, there is no

evidence presented that satisfies the burden of the movant (as a creditor with a secured interest

against the property).  Rosenberg has failed to demonstrate a security interest in Unit 1E (aside

from the Debtor's admitting that Unit 1E belongs to Rosenberg).

### ROSENBERG IS NOT ENTITLED TO RELIEF PURSUANT TO § 362(d)(1)

14.     Rosenberg had failed to allege "the cause" as the basis necessary to grant the

relief from the stay.  Rosenberg's failure to demonstrate, with admissible evidence, a secured

interest against real property owned by the Debtor is fatal to his motion.

15.      Although the creditor must make a *prima facie* case, the Debtor has the ultimate

burden of persuasion. *In re Sonnax Industries, Inc.,* 99 B.R. 591 (D.Vt.1989), *aff'd,* 907 F.2d

1280 (2d Cir.1990) (hereinafter '*Sonnax*')…In *Sonnax,* the Circuit Court of Appeals has recently

listed several factors to be considered in determining whether to grant a motion for relief from the stay to allow litigation to proceed in another forum:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arose from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Industries, Inc.,* 907 F.2d at 1286 (quoting *In re Curtis,* 40 B.R. 795, 799-800 (Bankr. D.Utah 1984)). Not all twelve factors will necessarily be involved, nor must equal weight be assigned to each factor." <u>In re Anton</u>, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992)

16.      Here, the Sonnax factors fall heavily in favor of the Debtor.  As to factor (1), transfer to State Court will not resolve all issues, as there are claims of The Board of Managers of the Vermeil, and said party is not a party to the State action.  As to factor (2), it is clear that the issues before this Court (validity of the debt, securitization of the debt, Debtor's claims

against prior Counsel in the action brought by The Board of Managers of the Vermeil) will not be resolved in State Court and thus a determination in State Court will interfere with the bankruptcy case.   Factors (6) and (7) also militate against granting relief from the stay, The Board of Managers of the Vermeil is an indispensible third party whose interests would be affected in State Court and litigation in State Court would prejudice third parties.   Factors (10), (11) and (12) all fall in favor of the Debtor.   Judicial economy requires this Court to sort out the competing claims, providing protection to the Debtor during reorganization and a forum to equally adjudicate said claims.   Trial of issues in Bankruptcy Court with all parties permitted to appear will lead to the expeditious and economical resolution of litigation.   The parties are present before this Court, the State Court action would continue for years without resolution, as it has already dragged for years with the appointment of two receivers, an unadopted referee's report, likelihood of an appeal.   Lastly, the effect of the stay would preserve the status quo, while the relevant claims are resolved and a plan for reorganization is proposed.   State Court would lead to piecemeal litigation with uncertainty for all parties.

17.    As of this submission, Rosenberg has yet to file a claim.   It is submitted that the proposed findings of the referee are not binding upon this Court, in fact, they are not binding upon State Court until such time as they have been entered as an Order, an event that has not occurred.   It is alleged by the Debtor that Rosenberg is attempting to take a double recovery (hold property as "security", but not selling same, all the while declaring an alleged mortgage in default to collect 24% interest).   This Court has the inherent power to put an end to Rosenberg's doubling dipping.

18.    As Rosenberg makes no claim for relief from the stay as to Unit 1D, such granting such relief by this Court is not warranted.  Debtor reserves all rights to address motions directed to Unit 1D upon Rosenberg (or any party) seeking relief upon a proper application.

**FOR ALL THE REASONS** set forth herein, the Debtor respectfully requests this Court to (1) deny Rosenberg's motion in its entirety;  and (2) order such other and further relief as this Court deems just and proper.

Dated: January 5, 2016
       New City, New York

Yours, etc.,

/s/ Barry D. Haberman
BARRY D. HABERMAN, ESQ.
ATTORNEY FOR DEBTOR
254 South Main Street, #404
New City, NY 10956
845-638-4294
FAX – 845-638-6080
Email - bdhlaw@aol.com